99 F.3d 1158
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francisco M. ALIMURONG, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3451.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1996.
 
 Before NEWMAN, RADER, and BRYSON, Circuit Judges.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision that Francisco M. Alimurong was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 et seq. Alimurong has not responded.
 
 BACKGROUND
 
 2
 As a threshold matter, the court notes that OPM previously moved for summary affirmance in this case based on the court's decision in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995). In our June 28, 1995 order denying OPM's motion, we noted that Rosete is dispositive only to the extent that Alimurong was not entitled to retirement benefits on the basis of his later service. Concerning Alimurong's earlier service, we stayed the briefing schedule in this case pending the court's decision in Cabbab v. Office of Personnel Management, 70 F.3d 1290 (Fed.Cir.1995) (table).
 
 
 3
 Turning to the facts of this case, Alimurong was employed by the Department of the Air Force at Clark Air Force Base, in the Philippines, from 1959 until he retired in 1989. In 1993, Alimurong applied for retirement benefits under the CSRA. OPM denied Alimurong's application, and he appealed to the Board. The Administrative Judge (AJ) determined that Alimurong was employed by nonappropriated fund instrumentalities (NAFIs) during the first ten years of his career, and the AJ stated that a NAFI employee is not considered an employee of the United States under the Civil Service Retirement System (CSRS). See 5 U.S.C. § 2105(c). According to the record, it appears that Alimurong served his first nineteen years, from February 1, 1959 to February 20, 1978 as a NAFI employee. The AJ concluded that Alimurong's employment:
 
 
 4
 does not meet any of the criteria provided by the CSRS for coverage since he was not an employee subject to the CSRS on the day before the date of the enactment of the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986. See 5 U.S.C. § 8332(b)(16). Accordingly, this service was neither creditable, nor covered by the CSRS.
 
 
 5
 The AJ also determined that the remainder of Alimurong's career, until July 17, 1989, was served under "indefinite" appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. § 831.201(a)(12) and (a)(13). It appears that Alimurong served under a series of temporary and excepted, indefinite appointments. The AJ concluded that while Alimurong had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. § 8333(b); 5 U.S.C. § 8347(g). Alimurong petitioned this court for review.
 
 DISCUSSION
 
 6
 Our decision in Cabbab was not dispositive of the NAFI issue raised in this case. However, this court addressed the NAFI issue in Dupo v. Office of Personnel Management, 69 F.3d 1125 (Fed.Cir.1995). We held that service under a NAFI "is not, as a general rule, creditable service for purposes of the CSRA":
 
 
 7
 According to 5 U.S.C. § 2105(c) (1994), a NAFI employee is explicitly excluded from the definition of an "employee" for purposes of the laws administered by OPM, except where otherwise provided. The CSRA is a law administered by OPM. See 5 U.S.C. § 8347(a).
 
 
 8
 Dupo, 69 F.3d at 1128. We noted, however, that an individual who was employed by a NAFI is entitled to civil service retirement credit if (1) the service was performed between June 18, 1952 and January 1, 1966; (2) the service performed during that period involved conducting certain activities for personnel of the armed forces; and (3) the individual was an employee subject to the CSRA on November 9, 1986. See 5 U.S.C. § 8332(b)(16). We determined that although Dupo's service satisfied the first requirement, there was no evidence that Dupo "led, managed or directed any of the recreational activities described in section 8332(b)(16)." Further, we determined that Dupo had been separated from his service with the Navy on January 30, 1981, and thus was not subject to the CSRA on November 9, 1986. We concluded that Dupo did not have creditable service within the meaning of the CSRA.
 
 
 9
 Turning to the issue of whether indefinite appointments qualify as covered service, the exclusion of indefinite appointments is contained in OPM's regulation that interprets § 8347(g). See 5 C.F.R. § 831.201(a)(13). We held in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), that it was proper to defer to OPM's interpretation of § 8347(g) as excluding indefinite appointments because that interpretation was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that an indefinite appointment in the excepted service did not constitute covered service within the meaning of the CSRA. Id. at 520.
 
 
 10
 OPM argues that the Board's decision that Alimurong was not entitled to retirement benefits should be summarily affirmed. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). Here, with respect to the earlier part of Alimurong's service, it is clear that Dupo is dispositive. Although a portion of Alimurong's NAFI service satisfies the first requirement because it was performed between June 18, 1952 and January 1, 1966, Alimurong does not satisfy the third requirement because he was not an employee subject to the CSRA on November 9, 1986. See 5 U.S.C. § 2105(c); 5 U.S.C. § 8332(b)(16). Concerning his later service, from 1978 to 1989 Alimurong served under a Rosete -like indefinite appointment in the excepted service.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 (1) OPM's motion for summary affirmance is granted.
 
 
 13
 (2) Each side shall bear its own costs.